UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC GABRIEL VENANCIO SILVA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID WESLING, et al., ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. <br> 26-10256-FDS |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, J.

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Eric Gabriel Venancio Silva is a Brazilian citizen who entered the United States on or around May 7, 2024, in Otay Mesa, California, at which time he was encountered by immigration officials and released into the country on recognizance.

Recently, petitioner was arrested and taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.    **Background**

Eric Gabriel Venancio Silva, a Brazilian citizen, entered the United States on or around May 7, 2024, at Otay Mesa, California. (Pet. ¶ 1). At that time, he was encountered by immigration officials, who issued a Notice to Appear charging him as inadmissible. (*Id.*; Notice to Appear, Dkt. No. 1-3). At the same time, he was released into the country on his own recognizance. (Pet. ¶ 1; Order of Release on Recognizance, Dkt. No. 1-4). He currently has a hearing before an immigration judge scheduled for January 13, 2027. (Pet. ¶ 2).

On January 21, 2026, ICE took Venancio Silva into custody, in Windham, Maine. (*Id.* ¶ 4). He has not received a bond hearing since he was detained. (*Id.* ¶ 17; Resp. Habeas Pet. 1, Dkt. No. 7).

The respondents are David Wesling, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security. (Pet. ¶¶ 10-13).

On January 22, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 5 at 2-3).

On January 28, 2026, respondents answered the petition. (Resp. Habeas Pet., Dkt. No. 7). Respondents conceded that "the underlying legal issues presented in this habeas petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and that "[s]hould the Court follow its reasoning in [*De Andrade*], . . . it would reach the same result here." (*Id.* at 1).

II.    **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting

2

cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he was detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral estoppel effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  Therefore, and because respondents have not offered another

authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

### III.   Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than February 5, 2026.

**So Ordered.**

Dated:  January 29, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge